UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 91-1338

_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                versus

JAMES CLAYTON BELL,

                              Defendant-Appellant.

_____


Appeal from the United States District Court
for the Northern District of Texas

_____


(        July 2, 1992        )


Before GOLDBERG, JONES, and DeMOSS, Circuit Judges.

GOLDBERG, Circuit Judge:


    Following a plea of guilty to an information charging him with
misprision of a felony, James Clayton Bell appeals the denial of
his pretrial motion to dismiss the indictment based on speedy trial
grounds.    The government    contends    that   Bell's    plea   was
unconditional, waiving all non-jurisdictional defects in the trial
court proceedings, including his speedy trial claim.  We agree with
the government  and  therefore  do  not  reach  Bell's  speedy  trial

claim.

## I.

It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below. United States v. Barrientos, 668 F.2d 838, 842 (5th Cir. 1982); see United States v. Easton, 937 F.2d 160, 161-62 (5th Cir. 1991) (failure of United States Attorney to sign indictment was a non-jurisdictional defect that the defendant waived by pleading guilty), cert. denied, 112 S.Ct. 906 (1992). In the Fifth Circuit, a speedy trial violation is a non-jurisdictional defect waived by a guilty plea. See United States v. Broussard, 645 F.2d 504, 505 (5th Cir. 1981) ("The entry of a knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceeding. This disposes of the speedy trial claim."); accord United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) ("A defendant's guilty plea waives all non-jurisdictional defect claims. The right to a speedy trial under the Speedy Trial Act is non-jurisdictional"); United States v. Pickett, 941 F.2d 411, 415-17 (6th Cir. 1991) (same); Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989) (same); United States v. Andrews, 790 F.2d 803, 810 (10th Cir. 1986) (same), cert. denied, 481 U.S. 1018 (1987); United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984) (same). But see Acha v. United States, 910 F.2d 28, 30 (1st Cir. 1990) (noting that the First Circuit has not spoken on the issue).

A defendant wishing to preserve a claim for appellate review while still pleading guilty can do so by entering a "conditional plea" under Rule 11(a)(2) of the Federal Rules of Criminal Procedure.[1]  See Pickett, 941 F.2d at 416-17 (defendant waived Speedy Trial Act claim because he did not enter a conditional plea under Rule 11(a)(2)).  Such a plea must be in writing and must identify those case-dispositive pretrial issues that the defendant is preserving for appeal.  Pickett, 941 F.2d at 416; United States v. Yasak, 884 F.2d 996, 999 (7th Cir. 1989); United States v. Carrasco, 786 F.2d 1452, 1454 (9th Cir. 1986).  Failure to designate a particular pretrial issue in the written plea agreement generally forecloses appellate review of that claim.  See United States v. Hausman, 894 F.2d 686, 689 ("Hausman's valid guilty plea waived his due process claim because it was not preserved in the plea agreement and did not rise  to the level of a jurisdictional challenge."), cert. denied, 111 S.Ct. 92 (1990).

The conditional plea is also contingent upon the government's consent and the court's approval.  Yasak, 884 F.2d at 999; Carrasco, 786 F.2d at 1454.  The government and the court are free to reject a conditional plea for any reason or no reason at all.  Yasak, 884 F.2d at 999.  In essence, they have absolute "veto power

---

[1]  In its entirety, Rule 11(a)(2) provides:

**Conditional Pleas**.  With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendre, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion.  A defendant who prevails on appeal shall be allowed to withdraw the plea.

over entry of such a plea." United States v. Fisher, 772 F.2d 371, 374 (7th Cir. 1985). A defendant thus has "no enforceable `right' to enter a conditional plea." Id., quoted in United States v. Daniel, 866 F.2d 749, 751 (5th Cir. 1989). "Neither legislative history nor case law indicates that a criminal defendant is entitled to enter a conditional plea." United States v. Davis, 900 F.2d 1524, 1527 (10th Cir.), cert. denied, 111 S.Ct. 150 (1990). Accordingly, neither the district court nor the government has any obligation to advise the defendant of the availability of a conditional plea. Daniel, 866 F.2d at 751; United States v. Frazier, 705 F.2d 903, 908 n.8 (7th Cir. 1983).

Although a conditional plea must ordinarily be in writing, evidencing the government's consent and the district court's approval, variance from this formality can be excused by an appellate court. Rule 11(h), Fed.R.Crim.P. ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."); United States v. Fernandez, 887 F.2d 564, 566 n.1 (5th Cir. 1989) ("The non-compliance with Rule 11(a)(2) or the failure to document compliance may thus be seen as excused by Rule 11(h)."). In Fernandez the defendant pled guilty and sought to appeal an adverse pretrial ruling. Although the government conceded that the defendant had reserved her right to appeal the issue, there was no written plea in the record identifying the issues that were preserved for appeal and nothing to indicate that the district court had approved such a plea. We

nevertheless excused the absence of a court-approved written conditional plea and addressed the merits of the defendant's appeal. We observed that Rule 11(a)'s requirement of court approval is designed to insure that the pretrial issues reserved for appeal are case-dispositive and can be reviewed by the appellate court without a full trial. <u>Fernandez</u>, 887 F.2d at 566 n.1. In <u>Fernandez</u>, as in the case at bar, the defendant sought to appeal a pretrial matter that satisfied these requirements.

In <u>Yasak</u> the Seventh Circuit also found a valid conditional plea despite the absence of a writing. Postulating that the transcript of the plea hearing amounted to "a writing of sorts," the court was satisfied that "Rule 11(a)(2)'s intent and purpose [had] been fulfilled." The transcript of the plea hearing demonstrated that the government assented to a conditional plea and the district court accepted it. <u>Yasak</u>, 884 F.2d at 1000.

These cases illustrate that an appellate court can pardon the informalities of a conditional plea so long as the record demonstrates that the spirit of Rule 11(a)(2) has been fulfilled -- that the defendant expressed an intention to preserve a particular pretrial issue for appeal and that neither the government nor the district court opposed such a plea. When the record is ambiguous as to whether the plea is conditional or <u>un</u>conditional, however, the appellate court may question the voluntariness of the plea. <u>See</u> <u>Carrasco</u>, 786 F.2d at 1455 (vacating plea because "[t]he

exchanges in the courtroom between counsel and those between counsel and the court were ambiguous," and the defendant "reasonably could have believed that her plea was conditional, based on both previous discussions with the assistant U.S. attorney and the ambiguous exchange in the courtroom"). But if the record contains no manifestation of a reservation of appellate rights, the plea is presumptively <u>un</u>conditional, and an appellate court may not reach the merits of the defendant's appeal.

## II.

The transcript of the plea proceedings establishes that Bell pled guilty to an information charging him with a single count of misprision of a felony, carrying a maximum statutory penalty of 3 years incarceration, <u>below</u> the sentencing guideline range applicable to Bell. In exchange for that plea of guilty, the government dismissed the pending indictment, which charged Bell with possession of a firearm by a convicted felon, an offense with a maximum statutory penalty of 10 years incarceration. No other agreements between Bell and the government are apparent from the transcript of the proceedings.[2]

Before accepting the plea, the district court engaged Bell in the requisite Rule 11 colloquy, advising him of the nature of the charges, the maximum sentence that could be imposed, the right to

---

[2] The plea agreement is memorialized in the "Factual Resume" provided to Bell and his counsel and was read aloud at the plea proceedings.

a speedy and public trial by jury at which the government would have to prove him guilty beyond a reasonable doubt, and the right to have counsel defend him at that trial. (R.2 at 7-8) Bell stated that he understood his rights, had had ample time to discuss the matter with his attorney, understood that by pleading guilty he would be waiving his right to a trial, and that he was pleading guilty voluntarily. (R.2 at 12-13) Bell's counsel opined that the plea was voluntary. (R.2 at 13-14). The district court did not expressly advise Bell that by pleading guilty he would be waiving his right to seek appellate review of the denial of his speedy trial motion, but neither Rule 11 nor our decisional law commands the district court to offer that warning.[3] The district court later sentenced Bell to 3 years incarceration.[4]

Bell's plea of guilty appears to be _un_conditional in all respects. The record contains no indicia of a plea conditioned on

---

[3] We note that the preferred practice is for the district court to advise the defendant that by pleading guilty he waives his right to appeal non-jurisdictional pretrial issues. See, e.g., Davis, 900 F.2d at 1525-26 n.1 (district court explained to the defendant that "one of the consequences of pleading guilty was the preclusion of appellate review of suppression rulings"); Fisher, 772 F.2d at 373, 375 (district court admonished defendant that by pleading guilty, "he waived `the right to appeal from or complain of any prior adverse rulings or actions in this case.'"); cf. Laycock v. State of New Mexico, 880 F.2d 1184, 1188 (10th Cir. 1989) (plea agreement indicated that defendant was waiving appellate rights).

[4] Because the maximum statutory penalty for the misprision offense (3 years) fell below the sentencing guideline range applicable to Bell, considering the relevant offense level and Bell's criminal history, the guideline sentence applicable to Bell became the statutory maximum 3 years.

a right to appeal pretrial matters, much less one complying with the formalities of Rule 11(a)(2). Contrast Fernandez, 887 F.2d at 566 n.1; Yasak, 884 F.2d at 1000. There is no written agreement evidencing Bell's intention to preserve for appellate review the denial of his speedy trial motion, no express acquiescence by the government, and no statement by the district judge approving a conditional plea.

Furthermore, it is clear that Bell profited from entering a plea of guilty. As part of the plea agreement, the government dismissed the indictment which charged him with possession of a firearm by a convicted felon, a felony that carries a maximum statutory penalty (10 years) exceeding the sentencing guideline range applicable to Bell. Had he been convicted of the firearm offense the district court would have been constrained to sentence him within the guideline range, a sentence that, even at the low end of the range, would have exceeded the 3 year sentence Bell received by pleading guilty to the misprision offense. It is plain, therefore, that Bell got the benefit of his plea bargain: he minimized his potential exposure to 3 years incarceration. See Fisher, 772 F.2d at 374 (recognizing that government generally will not consent to a conditional plea "without exacting a price"); Frazier, 705 F.2d at 908 (court was "unwilling to read into the bargain a never-stated right to appeal" because the defendant reduced his maximum exposure from five to two years imprisonment).

We decline to entertain Bell's suggestion that he pled guilty in the mistaken belief that he preserved his appellate rights. From all indications in the record, Bell's plea was voluntary, knowing, and intelligent, and not conditioned on the reservation of appellate rights.[5]  To the extent that his challenge to the plea would necessitate consideration of evidence outside of this record, a direct appeal from the conviction is not the proper avenue for raising such a claim.  See United States v. Jennings, 891 F.2d 93, 96 (5th Cir. 1989) (affirming the district court judgment without prejudice to the defendant's right to bring a claim under 28 U.S.C. § 2255 in which he could contend that he waived his speedy trial rights unknowingly).

### III.

The judgment and conviction are AFFIRMED.

---

[5]  Two months before the plea proceedings, Bell filed a motion for continuance indicating that he was not waiving the speedy trial claim that had been litigated previously in the district court.  Bell suggests that by virtue of that filing, he manifested his intention to enter a conditional plea.  A plea of guilty operates as a waiver of all pretrial issues, however, even those that the defendant has properly preserved up to the point of the plea.  Thus, that filing, in and of itself, does not confute the unconditionality of the plea.