**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30685
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


VERSUS


STEVE DISMORE,


Defendant-Appellant.



_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____



December 21, 1995
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*]Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

In April 1984, the grand jury indicted Steve Dismore for three counts of distribution of cocaine, but Dismore was not arrested until October 2, 1991.  He pleaded guilty pursuant to a plea agreement.  On February 26, 1992, the district court sentenced him to a one-year term of imprisonment and a three-year term of special parole for count 1 and imposed suspended, concurrent, three-year terms of special parole and a five-year term of active probation for counts 2 and 3.  The term of probation was to commence upon the expiration of the sentence of imprisonment pursuant to count 1.

On June 17, 1992, the district court granted Dismore's FED. R. CRIM. P. 35 motion and suspended six months of his one-year prison term plus all three terms of special parole.  The court placed Dismore on concurrent five-year terms of inactive probation as to all three counts.  Dismore quickly violated numerous terms of his probation.  On August 3, 1992, the district court revoked the order of probation and sentenced Dismore as follows: Count 1——a one-year term of imprisonment, with credit for time served, followed by a three-year term of special parole; counts 2 and 3——eighteen-month terms of imprisonment followed by three-year terms of special parole.  All of the sentences were imposed concurrently.

In November 1992, the district court granted Dismore's second rule 35 motion and reduced his sentence to concurrent five-month terms of imprisonment on each count, subject to sentence credit for time served since July 1, 1992, and concurrent three-year terms of special parole.  Once again, Dismore rapidly violated the terms of

his parole. He pleaded guilty to state charges of possession of cocaine and was remanded to federal custody.

Dismore filed a § 2255 motion to vacate his federal sentence, arguing that the government had violated his Speedy Trial rights by failing to prosecute him in a timely manner and that his attorney had been ineffective for failing to raise this issue. On May 2, 1994, the district court determined that Dismore was not entitled to habeas relief and denied the motion, but it did not enter a separate judgment as required by FED. R. CIV. P. 58. Dismore filed an untimely notice of appeal. We dismissed the appeal and directed Dismore to move the district court for entry of a rule 58 judgment which could serve as the basis for a timely appeal. On June 16, 1995, the district court entered judgment denying Dismore's § 2255 motion for the reasons set forth in its May 1994 order. Dismore has appeal that judgment.[1]

## II.

Dismore argues that his criminal prosecution violated his Sixth Amendment right to a speedy trial and that his attorney provided ineffective assistance.

Section 2255 identifies four specific grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: the sentence was imposed in violation of the Constitution or laws of the United States; the court was without jurisdiction to

---

[1] Dismore has written several letters to the district court which the court construed as sounding under § 2255 and denied. Dismore has not appealed the denial of these motions.

impose the sentence; the sentence exceeds the statutory maximum sentence; or the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; see United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. denied, 504 U.S. 962 (1992).

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been "'fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc) (citation omitted), cert. denied, 502 U.S. 1076 (1992).  "[A] 'collateral challenge may not do service for an appeal.'" Id. at 231 (quoting United States v. Frady, 456 U.S. 152, 165 (1982).  Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." Id. at 232 (quoting Frady, 456 U.S. at 168).  The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232 (internal quotations and citation omitted).  The government must invoke the procedural bar in the district court, however. United States v. Drobny, 955 F.2d 990, 994-95 (5th Cir. 1992).  The government did so in this case.

## A.

Dismore urges that the government violated his constitutional right to a speedy trial by failing to apprehend him and commence prosecution at an earlier date.  He has not suggested that his

guilty plea was involuntary.

A speedy trial violation is a nonjurisdictional defect waived by a guilty plea. United States v. Bell, 966 F.2d 914, 915 (5th Cir. 1992). Dismore waived his speedy-trial claim when he entered an unconditional guilty plea. Bell, 966 F.2d at 915; United States v. Smallwood, 920 F.2d 1231, 2240 (5th Cir.), cert. denied, 501 U.S. 1238 (1991). Furthermore, he has provided no explanation why he could not have raised this issue on direct appeal. Shaid, 937 F.2d 228, 231-32.

B.

To obtain § 2255 relief based upon ineffective assistance of counsel, a defendant must show not only that his attorney's performance was deficient, but that the deficiencies prejudiced the defense. United States v. Smith, 915 F.2d 959, 963 (5th Cir. 1990). In evaluating such claims, the court indulges in "a strong presumption" that counsel's representation fell "within the wide range of reasonable professional competence." Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988). To prove deficient representation, a defendant must show that his attorney's conduct "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In the context of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhard, 474 U.S. 52, 59 (1985). Dismore "must show that there is a reasonable probability that, but for counsel's

5

errors, he would not have pleaded guilty and would have insisted on going to trial. Id.

Dismore suggests that this attorney was ineffective for allowing him to plead guilty without challenging the indictment based upon Barker v. Wingo[2] and Doggett v. United States.[3] Counsel's decision not to present an argument based upon Barker was reasonable because Barker is factually distinguishable from Dismore's case. In Barker, the state obtained sixteen continuances which delayed Barker's trial for five years. During this time, Barker was either in custody or free on bond. Barker, 407 U.S. at 516-18. By contrast, Dismore's trial was delayed because he was a fugitive. Dismore's suggestion that counsel was ineffective for failing to argue Doggett is even more tenuous because the Supreme Court did not issue its opinion in Doggett until several months after Dismore pleaded guilty. Id. at 50; see Doggett, 112 S. Ct. at 2686.

Dismore suggests in conclusional terms that counsel was ineffective for failing to preserve Dismore's right to appeal and advising him that he could plead nolo contendere. Dismore did not raise either issue in the district court.

"[I]ssues raised for the first time on appeal are not reviewable by this [court] unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)

---

[2] 407 U.S. 515 (1972).

[3] 112 S. Ct. 2686 (1992).

6

(internal quotations omitted).  The "nolo contendere" argument does not involve a purely legal issue; therefore, the court may decline to consider it.  <u>Id.</u>   Although counsel did not file an appeal, less than four months after Dismore was sentenced, counsel filed a rule 35 motion which resulted in a substantial reduction in Dismore's sentence.  <u>See</u> <u>id.</u> at 91.  Dismore has failed to show that this performance was objectively unreasonable.  <u>Strickland</u>, 466 U.S. at 688.  Dismore's continued incarceration has been caused, not by counsel's performance, but by Dismore's inability to abide with the terms of his probation.  No manifest injustice will result if the court refuses to consider this issue.  <u>Varnado</u>, 920 F.2d at 321.

Dismore's motions for appointment of counsel and an evidentiary hearing should be denied.

AFFIRM.