**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 00-50411
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ANTONIO CERVANTES,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Western District of Texas
(SA-99-CR-224-1-EP)**

---

March 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Antonio Cervantes challenges the denial of his motion to suppress evidence seized pursuant to a search warrant.  He pleaded guilty to possession of marijuana and cocaine with intent to distribute, but preserved his right to appeal the denial of his suppression motion.

In reviewing the denial of a motion to suppress evidence obtained pursuant to a search warrant, we determine: (1) whether the good-faith exception to the exclusionary rule applies; and (2) if *not*, whether probable cause supported the warrant.  *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 1669 (2000).

Cervantes contends the good-faith exception does *not* apply because the affidavit on which the search warrant was based was merely a "bare bones" affidavit, and the warrant did *not* authorize a search of vehicles parked on the premises. The affidavit was based on the personal observation by a confidential informant, who had previously provided reliable, credible information, of Cervantes in possession of, and selling, marijuana at the subject premises within the previous 24 hours. Thus, the officers relied in good faith on the warrant. *See United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). And, a warrant issued for "the premises" includes vehicles parked on the premises. *See, e.g., United States v. Singer*, 970 F.2d 1414, 1417-18 (5th Cir. 1992). The district court did *not* err in denying the suppression motion.

Cervantes also asserts that the district court abused its discretion in denying his motion for disclosure of the informant's identity. Because Cervantes did *not* preserve the right to appeal this issue in his plea agreement, appellate review is foreclosed. *See United States v. Bell*, 966 F.2d 914, 915-16 (5th Cir. 1992).

*AFFIRMED*

2