IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40423
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR PADILLA-MOTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-1090-1
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges

PER CURIAM:[*]

Victor Padilla-Mota ("Padilla"), a Mexican citizen, appeals his guilty-plea conviction for possession with intent to distribute cocaine. He contends that statements he made to law enforcement officers should have been suppressed because the officers failed to advise him of his right to contact the Mexican consul in compliance with Article 36 of the Vienna Convention on Consular Relations. He also contends that the district court committed clear error by applying the wrong standard to determine whether he was entitled to a sentence below the statutory minimum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the "safety valve" sentencing provisions. U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553 (f).

Padilla pleaded guilty pursuant to a written plea agreement in which he did not preserve his right to appeal the suppression issue. Further, there is nothing in the record to indicate that the defendant, the Government, and the court agreed that the plea would be conditional under Fed. R. Crim. P. 11(a)(2). Padilla's plea was unconditional, and he waived his right to appeal the suppression issue. United States v. Bell, 966 F.2d 914, 915-16 (5th Cir. 1992).**

The Government refused to recommend a safety-valve sentence because it asserted that Padilla had not fully and truthfully revealed relevant information concerning his crime. See U.S.S.G. § 5C1.2(5). The district court stated that it would review for "clear error" the Government's determination of Padilla's noncompliance with the safety-valve requirement. Padilla contends that the correct standard of review was to determine whether he had proven his truthful compliance by a preponderance of the evidence. Regardless of the articulated standard, the district court concluded that the Government's decision was "clearly correct" and indicated that Padilla had failed to show his entitlement to a safety-valve sentence under any standard.

Accordingly, the conviction and sentence are AFFIRMED.

---

** This court has recently held that suppression is not an appropriate remedy for a violation of Article 36 of the Vienna Convention. United States v. Jimenez-Nava, ___F.3d___, No. 99-11300 (5th Cir. Feb. 26, 2001), 2001 WL 184578.