IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40973
Summary Calendar
_____

UNITED STATES OF AMERICA

                                        Plaintiff - Appellee

v.

MAGDALENO LOPEZ-QUINTERO

                                        Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-417-1
_____

May 31, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Magdaleno Lopez-Quintero appeals his

conviction under 8 U.S.C. § 1326.  For the following reasons, we

AFFIRM.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2000, Defendant-Appellant Magdaleno[1] Lopez-Quintero, a citizen of Honduras, was apprehended (along with two other undocumented aliens) by U.S. Border Patrol agents in Laredo, Texas.  Lopez-Quintero, who has a history of criminal convictions and deportations, admitted to illegally entering the United States by wading across the Rio Grande River near Laredo. On April 18, 2000, Lopez-Quintero was charged in a one-count indictment with being present in the United States as a previously deported alien.  See 8 U.S.C. § 1326.[2]

On May 8, 2000, Lopez-Quintero filed a motion to dismiss the

---

[1]    Throughout the record, Lopez-Quintero's first name appears with two different spellings, i.e., as "Magdaleno" and "Magdeleno."  As both he and the Court of Appeals for the Fifth Circuit docket sheet utilize the former spelling, we will also do so in this opinion (except when quoting documents containing the latter spelling).

[2]    Section 1326 states in relevant part:

(a) In general
  Subject to subsection (b) of this section, any alien who—
      (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
      (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) . . . the Attorney General has expressly consented to such alien's reapplying for admission; or (B) . . . such alien shall establish that he was not required to obtain such advance consent . . ., shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326 (1999).

indictment,[3] arguing that it did not allege any act or intent on his part. The district court denied this motion on May 22, 2000, and the next day, Lopez-Quintero pled guilty to the indictment. The district court subsequently sentenced him to seventy months in prison and three years of supervised release.

Lopez-Quintero timely appeals.

## II. STANDARD OF REVIEW

We review challenges to the sufficiency of the indictment, which have been preserved by being raised in the district court, under a de novo standard of review. See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000); United States v. Asibor, 109 F.3d 1023, 1037 (5th Cir. 1997). Furthermore,

---

[3] The indictment against Lopez-Quintero states:

THE GRAND JURY CHARGES THAT:

On or about March 28, 2000, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

MAGDELENO LOPEZ-QUINTERO,

an alien who had previously been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation or removal is outstanding, and having not obtained the consent of the Attorney General of the United States for reapplication by the Defendant for admission into the United States, was thereafter found in the United States.

In violation of Title 8, United States Code, Section 1326.

"[b]ecause an indictment is jurisdictional, . . . the defect is not waived by a guilty plea." United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999) (internal quotations and citations omitted); see also United States v. Marshall, 910 F.2d 1241, 1243 (5th Cir. 1990).[4]

### III. SUFFICIENCY OF THE INDICTMENT

In essence, Lopez-Quintero argues that the indictment violates the Fifth and Sixth Amendments to the U.S. Constitution because it does not allege any intent on his part.[5] We recently considered this very issue. See United States v. Berrios-Centeno, No. 00-20373, --- F.3d ---- (5th Cir. April 27, 2001). We first held that § 1326 is a general intent offense (and not a

---

[4] Therefore, the government's argument, that Lopez-Quintero waived his challenges to the indictment because he entered an unconditional guilty plea, is without merit. United States v. Bell, 966 F.2d 914 (5th Cir. 1992), on which the government relies, is not to the contrary. Bell held that an unconditional guilty plea waives all non-jurisdictional defects. See id. at 915.

[5] Lopez-Quintero also raises an issue regarding his sentence enhancement, which he received as a result of a prior felony conviction. He argues that prior felony convictions are elements of the offense under 8 U.S.C. § 1326, as opposed to mere sentencing enhancements. He recognizes that this issue has been resolved against him by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (stating, in a case regarding the very challenge that Lopez-Quintero asserts here, that lower courts are compelled to follow directly controlling Supreme Court precedent "'unless and until'" the Court speaks to the contrary (citations omitted)), cert. denied, 121 S. Ct. 1214 (2001). Lopez-Quintero raises this issue in order to preserve it for further review by the Supreme Court.

strict liability offense, as advocated by the government).  See id., manuscript at 6-8.  We also held that Berrios-Centeno's indictment sufficiently alleged the requisite general intent as it fairly conveyed that the defendant's presence in the United States was a voluntary act.  See id., manuscript at 9-12.  The indictment in the instant case is almost identical to the indictment found sufficient in Berrios-Centeno.  For the reasons stated in Berrios-Centeno, we conclude that Lopez-Quintero's indictment sufficiently alleged the general intent mens rea required of § 1326 offenses.

## IV.  CONCLUSION

For the foregoing reasons, the conviction of Magdaleno Lopez-Quintero is AFFIRMED.

5