FOR THE FIFTH CIRCUIT

_____

No. 02-10155
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

STEPHEN L. BAXTER

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-37-1-Y
--------------------
August 15, 2002

Before KING, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit
Judges.

PER CURIAM:[*]

     Stephen L. Baxter, having entered a conditional guilty plea
to possession of methamphetamine with intent to distribute, has
appealed the district court's denial of his motion to suppress
the evidence seized as a result of a search of his automobile.
He also seeks relief on the ground that his written inculpatory
statement should be suppressed.  We AFFIRM.

     Baxter argues that the district court erred in its
determination that under the totality of the circumstances his
oral consent to search his automobile was voluntary.  Baxter has

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failed to demonstrate that the district court clearly erred in its finding that he consented voluntarily. See United States v. Tompkins, 130 F.3d 117, 121-22 (5th Cir. 1997).

Alternatively, Baxter contends that his consent to search did not extend to a plastic bag that was tied shut, which the investigating officer found in the trunk of the car. Baxter's reliance on Florida v. Jimeno, 500 U.S. 248 (1991), is misplaced.

Baxter contends that his written inculpatory statement should be suppressed because it was induced by a remark made by his interrogator and by the search of his automobile. The district court did not formally rule on Baxter's oral motion to suppress this statement made at the conclusion of the suppression hearing. Baxter waived his right to seek relief on this point by failing to obtain the approval of the court and the consent of the government, and to reserve the right in writing. See FED. R. CRIM. P. 11(a)(2); United States v. Bell, 966 F.2d 914, 915-16 (5th Cir. 1992).

JUDGMENT AFFIRMED.