**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4959

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE RAMIRO MORENO-SERAFIN, a/k/a Jose Ramiro-
Moreno, a/k/a Jose Moreno,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (5:03-cr-00048-3)

Submitted:  September 26, 2007      Decided:  October 18, 2007

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Jonathan Vogel, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Ramiro Moreno-Serafin pled guilty to conspiracy to possess with intent to distribute cocaine, marijuana, and methamphetamine, conspiracy to import cocaine, marijuana, and methamphetamine, and conspiracy to commit money laundering. The district court sentenced him to 120 months' imprisonment. On appeal, Moreno-Serafin asserts that his speedy trial rights were violated when the district court continued the case for more than eighteen months, and that the district court abused its discretion by denying his motion to withdraw his guilty plea. We affirm Moreno-Serafin's conviction and sentence.

Following his guilty plea, a presentence investigation report was prepared, making a recommendation as to Moreno-Serafin's sentencing. Moreno-Serafin then moved to withdraw his plea, asserting that he did not understand the plea and the consequences of pleading guilty. In support of this assertion, he noted that during the Fed. R. Crim. P. 11 hearing, Moreno-Serafin expressed that he did not want to plead guilty to the three charges that counsel stated he would. Moreno-Serafin was concerned that he would be subject to a twenty-five year sentence. Defense counsel explained to the court that Moreno-Serafin asked him to schedule a change of plea hearing, that his sentencing exposure in the ten-to-twelve-year range had been explained to Moreno-Serafin, and that counsel had explained to Moreno-Serafin the possibility of a

- 2 -

sentence reduction under the safety-valve provision of the guidelines. The court and counsel explained to Moreno-Serafin that he would not be sentenced to ten years on each count, but rather that the two charges, drug conspiracy and conspiracy to import drugs, would be consolidated for sentencing, and that any sentence on the money laundering conspiracy charge would likely run concurrently; therefore, he would not be subject to a twenty-five year sentence, as he feared. After this explanation, Moreno-Serafin stated that he understood and that he wished to plead guilty to the three counts.

The court then explained the charges and the possible penalties, ascertained that Moreno-Serafin was aware of his trial rights, and asked if Moreno-Serafin was admitting that he was guilty of the three charges. Moreno-Serafin replied: "For conspiracy, yes." The court clarified that Moreno-Serafin understood and was admitting his guilt of conspiracy to possess with intent to distribute drugs, conspiracy to import drugs into the United States, and conspiracy to launder money. Moreno-Serafin answered in the affirmative.

Moreno-Serafin's counsel also asserts that Moreno-Serafin lacked an understanding of the consequences of his plea, as demonstrated by his response to the court's inquiry as to whether anyone made him any promise of a lesser sentence to induce his guilty plea. Moreno-Serafin responded, "The attorney." The court

inquired whether that promise was the "possibility of a safety valve lesser sentence" and Moreno-Serafin then asked, "What's a safety valve?" The court responded by asking Moreno-Serafin to describe any promise of leniency that had been made to him. Moreno-Serafin responded, "He simply told me that he would try to help me [get the best sentence.]" After further inquiry of Moreno-Serafin and counsel, the court accepted the guilty plea, finding that it was knowingly and voluntarily entered.

We find no abuse of discretion by the district court in denying Moreno-Serafin's motion to withdraw the plea. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996) (providing standard); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (holding that the key factor is whether the plea hearing was properly conducted). We have carefully scrutinized the Fed. R. Crim. P. 11 colloquy and find no error by the district court in determining that the plea was knowingly and voluntarily entered. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (holding that a properly conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding"). Thus, we affirm the district court's denial of Moreno-Serafin's motion to withdraw his plea.

A valid guilty plea waives all non-jurisdictional defects. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United

States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). The right to a speedy trial under the Speedy Trial Act is non-jurisdictional. See Washington v. Sobina, 475 F.3d 162, 166 (3d Cir. 2007) (citing cases); United States v. Bell, 966 F.2d 914, 915 (5th Cir. 1992). Thus, by knowingly and voluntarily pleading guilty, Moreno-Serafin waived his right to claim a Speedy Trial Act violation.

Moreno-Serafin contends that these cases are contrary to the Supreme Court's dictate in United States v. Broce, 488 U.S. 563 (1989), in which the Court explained the exceptions to the principle that a guilty plea waives non-jurisdictional claims. Specifically, the Supreme Court held that when "the defendant's right [is] 'the right not to be haled into court at all upon the [ ] charge,' then '[t]he very initiation of proceedings against him [operates] to deny him due process of law.'" Id. at 574-75 (quoting Blackledge v. Perry, 417 U.S. 21, 30-31 (1974)). However, the cases to which this exception applied concerned claims of double jeopardy violations, not violations of the right to a speedy trial. See Broce, 488 U.S. at 574-75 (citing Blackledge, 417 U.S. at 30-31; Menna v. New York, 423 U.S. 61, 62 & n.2 (1975)).

As stated above, the right to a speedy trial is a non-jurisdictional claim that may be waived and indeed is waived by an unconditional guilty plea, such as that entered by Moreno-Serafin. Thus, we need not resolve Moreno-Serafin's speedy trial issue.

In conclusion, we affirm Moreno-Serafin's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED