# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-10325
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM LYNN RAWLS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-200-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Lynn Rawls appeals his guilty plea conviction and 78-month sentence for possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Rawls asserts that the district court erred in calculating his sentence by applying Guidelines that were not in effect on the date of his offense. In 2003, Congress revised the relevant Guidelines to include harsher penalties and to require the Government to file a motion before a defendant may get the benefit of a third level reduction for acceptance of responsibility. PROTECT Act,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pub. L. 108-21, at *671, 673; see U.S.S.G. § 2G2.2 (base offense level and specific offense characteristics); § 3E1.1 (adjustment for acceptance of responsibility). The law was promulgated on April 30, 2003. See Pub. L. 108-21. The FBI seized the pornographic material from Rawls's home pursuant to a search warrant the following day.

According to Rawls, the revised Guidelines did not go into effect until after May 16, 2003, when they were published in the Federal Register. He asserts that 28 U.S.C. § 994(x) requires notice and comment under the Administrative Procedure Act (APA) before a guideline provision becomes effective. Section 994(x) provides that "[t]he provisions of [the APA] relating to publication in the Federal Register and public hearing procedure, shall apply to the promulgation of guidelines pursuant to this section." § 994(x). The amendments at issue were not promulgated by the Sentencing Commission, but by Congress. Section 994(x) does not apply. The amended Guidelines were in effect on the date of the offense, and the district court correctly applied them in calculating Rawls's sentence. See § 1B1.11.

Rawls also asserts that the district court erred by failing to grant a three-level downward adjustment for acceptance of responsibility. The Government must move for the third level reduction before the district court may grant it. See § 3E1.1(b); United States v. Newson, 515 F.3d 374, 377-78 (5th Cir. 2008). "[T]he defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." § 3E1.1, cmt. (n.6). The Government has discretion whether to move for the adjustment, so long as it does not act arbitrarily, irrationally, or with an unconstitutional motive. Newson, 515 F.3d at 378.

The Government declined to move for the third level adjustment because Rawls waited until one week before his trial was scheduled to begin before informing prosecutors that he intended to plead guilty. The Government had

begun preparing for trial. Accordingly, its decision not to move for the third level reduction was not arbitrary, irrational, or prompted by an unconstitutional motive. The district court did not err in declining to grant the third level adjustment. See Newson, 515 F.3d at 377-78.

Finally, Rawls asserts that FBI agents unconstitutionally delayed executing the search warrant against him and that the Government violated his right to a speedy trial. "When a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." United States v. Stevens, 487 F.3d 232, 238 (5th Cir.), cert. denied, 128 S. Ct. 336 (2007). The waiver includes "claims of governmental misconduct during the investigation" and Fourth Amendment claims, United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002), and also speedy trial claims. United States v. Bell, 966 F.2d 914, 915 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.