**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-50864
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ABEL CASTILLO, also known as Junky,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-62-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Abel Castillo pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, and the district court sentenced him to 24 months in prison to be followed by two years of supervised release. The offense occurred on or about May 31, 2003; however, the Government did not file the indictment until January 9, 2008. On appeal, Castillo argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's pre-indictment delay violated his due process rights and that the district court clearly erred in not making specific findings on the issue.

Castillo did not raise the issue of pre-indictment delay prior to sentencing, nor did he manifest an intention to preserve the issue for appeal by entering a conditional guilty plea. *See United States v. Bell*, 966 F.2d 914, 915-16 (5th Cir. 1992). A review of the plea colloquy reveals that the district court provided the appropriate admonitions to ensure that Castillo entered a voluntary guilty plea and understood the consequences of entering the plea. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); FED. R. CRIM. 11. Accordingly, because Castillo entered an unconditional and voluntary guilty plea, this court is precluded from considering the merits of his pre-indictment delay claim. *See United States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir.), *cert. denied* 129 S. Ct. 521 (Nov. 2008); *Bell*, 966 F.2d at 915-16; *United States v. Brice*, 565 F.2d 336, 337 (5th Cir. 1977).

AFFIRMED.