# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 09-30813
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLYDE SISTRUNK, also known as Angel Sistrunk,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-256-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Clyde Sistrunk appeals his conviction for possession
with intent to distribute 3,4-methylenedioxymethamphetamine (MDMA). He
asserts that he moved to withdraw his guilty plea at the sentencing hearing and
that the district court abused its discretion in failing to hold an evidentiary
hearing on the basis for his request and in denying the motion.

"A district court's denial of a motion to withdraw a guilty plea is reviewed
for abuse of discretion." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

2003). Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his plea after the district court has accepted it, but before the imposition of sentence, if the defendant can show "a fair and just reason for requesting the withdrawal." District courts should consider seven factors when ruling on a motion to withdraw a guilty plea: "(1) whether the defendant asserted his innocence, (2) whether withdrawal would prejudice the government, (3) whether the defendant delayed in filing the motion, (4) whether withdrawal would inconvenience the court, (5) whether adequate assistance of counsel was available to the defendant, (6) whether the plea was knowing and voluntary, and (7) whether withdrawal would waste judicial resources." *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).

Sistrunk does not address the *Carr* factors. He never asserted his innocence; on the contrary, he specifically admitted that he possessed with intent to distribute 50,000 MDMA pills. Sistrunk has pointed to nothing in the record to show that his guilty plea was not knowing and voluntary; and we have held that, to the extent a defendant's challenge to his plea would necessitate consideration of evidence outside the record, "a direct appeal is not the proper avenue for raising such a claim." *United States v. Bell*, 966 F.2d 914, 918 (5th Cir. 1992). In addition, Sistrunk specifically acknowledged at his rearraignment that he had ample opportunity to discuss his case with his attorney and was satisfied with his attorney's services. The district court did not abuse its discretion by sentencing Sistrunk despite his expressed desire to withdraw his guilty plea. *See Powell*, 354 F.3d at 370; *see also Carr*, 740 F.2d at 344 ("The purpose [of allowing withdrawal of a guilty plea] is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.").

To the extent that Sistrunk complains of the district court's failure to hold an evidentiary hearing on a motion to withdraw his guilty plea, he has failed to

allege sufficient facts that, if proved, would justify relief. *See Powell*, 354 F.3d at 370; *see also Bell*, 966 F.2d at 916-17 (rejecting a claim that the district court was required to warn the defendant that his unconditional guilty plea waived his right to appeal the denial of his speedy trial motion). Furthermore, Sistrunk specifically disclaims any Sixth Amendment challenge to his attorney's performance.

AFFIRMED.