# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

No. 11-10286
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE GLORIA CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-115-6

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rene Gloria Cruz appeals his conviction and 240-month sentence for conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He argues the district court erred by denying his motion to dismiss the indictment based on his Sixth Amendment speedy-trial claim, by failing to exercise its discretion and dismiss the indictment under Rule 48(b)(3) of the Federal Rules of Criminal Procedure, and by applying the two-level firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).   Cruz also argues the Government wrongfully refused to consent to a conditional plea.

When "a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007).   The waiver applies to alleged speedy trial violations.  *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992).  A valid guilty plea also waives any right to object to a delay in prosecution under Rule 48(b).  *See United States v. Grayson*, 416 F.2d 1073, 1077 (5th Cir. 1969).  Cruz recognizes these rules but argues his case justifies an exception to these rules because only "the legal interpretation" of the facts related to his speedy trial claim were disputed and "the party necessary to consent to a conditional plea was the negligent cause of the speedy trial delay."

Cruz does not contend that his guilty plea was unknowing or involuntary or that the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure, nor is there any indication in the record that Cruz's guilty plea was unknowing or involuntary.  *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969); FED. R. CRIM. P. 11.

In any event, although a valid, unconditional plea waives review of claims of speedy trial violations, a defendant may enter a conditional guilty plea, in writing and with the consent of the court and government, and preserve the right to appeal a district court's adverse ruling on a pretrial motion.  *See* FED. R. CRIM. P. 11(a)(2); *see also United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999).  A defendant has no absolute right to plead conditionally.  *See Wise*, 179 F.3d at 187.  "The government and the court are free to reject a conditional plea for any reason or no reason at all."  *Bell*, 966 F.2d at 916.   Although Cruz apparently requested that the Government consent to a conditional plea to allow an appeal of the denial of his motion to dismiss the indictment, the Government refused.  There is no indication in the record that Cruz either raised this issue before the court or expressed his desire to enter into a conditional plea.  Because

the Government could have rejected Cruz's request without stating any reasons at all, we need not review Cruz's arguments about the reason that was given.

We disagree with Cruz's assertion that an exception to the general rule is warranted here. Cruz waived the nonjurisdictional defects he seeks to challenge by entering a voluntary and unconditional guilty plea. Accordingly, we do not address Cruz's arguments on the merits of his claims that the district court erred in denying the motion to dismiss the indictment based on his Sixth Amendment speedy-trial claim and in refusing to dismiss the indictment under Rule 48(b) based on a delay in prosecution, as those claims have been waived.

As for Cruz's assertion that the district court erred in applying the two-level enhancement under § 2D1.1(b)(1), Cruz did not preserve this issue for appeal. Accordingly, our review of this claim is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Cruz must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Section 2D1.1(b)(1) provides that the defendant's offense level be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The application notes to § 2D1.1 explain that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and that it "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1 cmt. n.3. The Government can prove possession by showing either that the defendant personally possessed the weapon, i.e., "showing a temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant" or, "when another individual involved in the commission of an offense possessed the weapon, . . . that the defendant could have reasonably foreseen that possession."

No. 11-10286

*United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010) (quotation marks and citation omitted).

Cruz did not dispute the facts supporting the enhancement during the sentencing hearing, and the district court expressly adopted the PSR without objection. Although Cruz contends that the Government failed to prove by a preponderance of the evidence that he possessed the firearms, the unobjected-to facts set forth in the PSR were sufficient to show that there was "a temporal and spatial relationship" between the weapons, the drug trafficking activity, and Cruz, and that even if Cruz did not personally possess the weapons, he should have reasonably foreseen the possession of the weapons by a co-conspirator. *See id.* Cruz has failed to show that the district court was plainly erroneous in applying the enhancement.

The judgment of the district court is AFFIRMED.