# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

No. 12-30359
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE CELESTINE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CR-60059-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

George Celestine appeals the 120-month sentence imposed following his conditional guilty plea to one count of conspiracy to distribute cocaine and cocaine base. In his plea agreement, Celestine reserved the "right to appeal as it relates to Double Jeopardy and the Speedy Trial Act." On appeal, Celestine contends that the district court erred in denying his motion to dismiss the indictment on the ground that his Sixth Amendment right to a speedy trial had been violated. The Government has filed a motion to dismiss Celestine's appeal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the ground that the Sixth Amendment issue was not preserved for appeal, and thus, waived by Celestine's guilty plea. Celestine opposes the motion to dismiss.

A voluntary and unconditional guilty plea waives an appellant's right to challenge any nonjurisdictional defects, such as a speedy trial claim, in the proceedings leading to a conviction. *United States v. Bell,* 966 F.2d 914, 915 (5th Cir. 1992). However, by entering into a "conditional plea" pursuant to Federal Rule of Criminal Procedure 11(a)(2), like Celestine's plea in the instant matter, a defendant may preserve the right to appeal an adverse ruling on a pretrial motion. A conditional guilty plea must be made in writing, be consented to by the Government, and be approved by the district court. Rule 11(a)(2).

In the instant case, the reservation in Celestine's agreement was unambiguous and reserved only claims relating to double jeopardy and the Speedy Trial Act. Celestine suggests that, because he did not object to the magistrate judge's report and recommendation regarding his claim pursuant to the Speedy Trial Act, it is illogical to conclude that he would preserve such a claim in his agreement. However, Celestine's suggestion fails to recognize that he did not object to the magistrate judge's report and recommendation relating to his double jeopardy claim, yet preserved such a claim in his agreement. Furthermore, after the district court ruled on his motion to dismiss, but before Celestine entered his plea, Celestine filed another motion to dismiss the indictment exclusively relying on the Speedy Trial Act. Thus, it is logical to conclude that Celestine intended to reserve the right to appeal a claim pursuant to the Speedy Trial Act and that such a reservation was not a "careless oversight" on the part of trial counsel. Celestine's valid guilty plea waived his speedy trial claim pursuant to the Sixth Amendment because it was not preserved in the plea bargain and does not rise to the level of a jurisdictional challenge. *See Bell*, 966 F.2d at 915. Accordingly, the judgment of the district

No. 12-30359

court is AFFIRMED.   The Government's motion to dismiss the appeal is DENIED.