# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2013

No. 12-20470
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN CALLEN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-346-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Callen, Jr., appeals his conviction, following his guilty plea, for conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii). Callen argues that the district court erred when it denied his motion to dismiss the indictment, which was based on his constitutional right to a speedy trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record indicates that Callen pleaded guilty without a written plea agreement. Callen does not contend that his plea was unknowing or involuntary and he has not provided a transcript of his rearraignment. Because "the record contains no manifestation of a reservation of appellate rights," we treat the plea as unconditional. *See United States v. Bell*, 966 F.2d 914, 917 (5th Cir. 1992). An unconditional guilty plea "has the effect of waving all non-jurisdictional defects in the prior proceedings," *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007), including any claim of a speedy trial violation, *Bell*, 966 F.2d at 915. Accordingly, Callen has waived his speedy trial act claim. *Id.* at 917.

AFFIRMED.