# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2013

No. 12-20470
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN CALLEN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-346-1

ON PETITION FOR REHEARING

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Petition for Rehearing is GRANTED. We withdraw the prior opinion, 2013 WL 1831797 (May 2, 2013), and substitute the following opinion.

John Callen, Jr., appeals his conviction, following his guilty plea, for conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 841(a)(1) and (b)(1)(A)(ii).  Callen argues that the district court erred when it denied his motion to dismiss the indictment, which was based on his constitutional right to a speedy trial.

Callen pleaded guilty without a written plea agreement.  The transcript of his rearraignment indicates that Callen's guilty plea was unconditional. Although Callen's counsel expressed an intent to appeal the denial of Callen's speedy trial act motion, he did not obtain the consent of the court or the government.  Nor was Callen's purported reservation of appeal reduced to writing.  "Because there is no indication in the record that the government or the district court consented to a conditional plea," we must conclude that Callen's plea was unconditional.  *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007).  An unconditional guilty plea "has the effect of waving all non-jurisdictional defects in the prior proceedings," *id. at* 238, including any claim of a speedy trial violation, *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992).  Accordingly, Callen has waived his speedy trial act claim.

AFFIRMED.