**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ngoc Bich NGUYEN, Defendant—**
**Appellant.**

No. 00–10370.

D.C. No. CR–96–0094 MHP.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2001.*

Decided June 11, 2001.

Before SNEED and SILVERMAN, Circuit Judges, and SEDWICK,** District Judge.

MEMORANDUM ***

Defendant Ngoc Bich Nguyen appeals his conviction following his conditional guilty plea to one count of violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). Nguyen argues that RICO violates the Commerce Clause by allowing a Hobbs Act robbery, 18 U.S.C. § 1951(a), to serve as a RICO predicate act. Specifically, he contends that a Hobbs Act robbery cannot serve as a RICO predicate act because it does not substantially affect interstate commerce, as required by *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). We dismiss the appeal for lack of jurisdiction.

We review whether a defendant has waived his statutory right of appeal de novo. *United States v. Martinez,* 143 F.3d 1266, 1270 (9th Cir.1998). Nguyen waived his Commerce Clause challenge when he entered his conditional guilty plea, because he did not expressly reserve the issue for appeal. *United States v. Chon,* 210 F.3d 990, 995 (9th Cir.), *cert. denied,* 531 U.S. 910, 121 S.Ct. 259, 148 L.Ed.2d 187 (2000).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Although a guilty plea waives all claims of constitutional defects arising before the plea, *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), there are narrow "jurisdictional" exceptions. *See, e.g., United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989) (Claims that "the applicable statute is unconstitutional or that the indictment fails to state an offense" are jurisdictional claims not waived by the guilty plea.). Exceptions are limited to those cases "in which the judge could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment ." *United States v. Arzate-Nunez*, 18 F.3d 730, 738 (9th Cir.1994).

When the district court entered Nguyen's guilty plea, Ninth Circuit precedent clearly established that *Lopez's* "substantially affects" test was not applicable to RICO or Hobbs Act violations. *United States v. Woodruff*, 122 F.3d 1185 (9th Cir.1997) (Hobbs Act violations only require a *de minimis* impact on interstate commerce); *United States v. Juvenile Male*, 118 F.3d 1344, 1347 (9th Cir.1997) ("all that is required to establish federal jurisdiction in a RICO prosecution is a showing that the individual racketeering acts have a *de minimis* impact on interstate commerce"). Moreover, the indictment alleged offenses well within the government's power to prosecute. *See United States v. Ely*, 142 F.3d 1113, 1120 (9th Cir.1997) (indictment that sets forth the offense in the statute's language is sufficient). As reflected in the Plea Agreement, Nguyen assisted in the transportation of a robbery crew from Oakland, California to Blaine, Minnesota and participated in the attempted $400,000 robbery of a computer chip company doing business in interstate commerce. Thus, Nguyen's claim does not fall within the jurisdictional exception to his guilty plea waiver.

APPEAL DISMISSED.