# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60477
Summary Calendar

———

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SEALED APPELLANT,

Defendant-Appellant.

———

Appeal from the United States District Court
for the Northern District of Mississippi
No. 2:06-CR-90-1

———

Before SMITH, BARKSDALE and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The defendant, "Sealed Appellant," pleaded guilty of using a minor to engage in sexually explicit conduct for the purpose of creating visual depictions, contrary to 18 U.S.C. § 2251(a),[1] and possessing child pornography, in violation

---

[1] 18 U.S.C. § 2251(a) ("Any person who employs, uses, persuades, induces, entices, or
(continued...)

of 18 U.S.C. § 2252A(a)(5)(B).[2] On appeal, he argues that § 2251(a) exceeds Congress's Commerce Clause authority and that the district court erred in failing to suppress evidence from an unlawful search, thus calling into question the applicability of § 2252A(a)(5)(B).

The defendant, however, did not reserve any right to appeal the denial of his motions to quash the indictment and to suppress evidence. "It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below," United States v. Bell, 966 F.2d 914, 915 (5th Cir. 1992), and "if the record contains no manifestation of a reservation of appellate rights, the plea is presumptively unconditional and an appellate court may not reach the merits of the defendant's appeal," id. at 917. We have repeatedly held that this doctrine applies to denials of motions to suppress.[3] Defendant, consequently, has waived his suppression argument.

The doctrine of waiver-by-guilty plea also afflicts defendant's constitutional challenge to § 2251(a). He argues that Congress acted ultra vires in enacting that provision, but his contention does not implicate the jurisdiction of the

---

[1] (...continued)
coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished . . . if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.").

[2] 18 U.S.C. § 2252A(a)(5)(B) ("Any person who . . . knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer . . . shall be punished . . . .").

[3] See, e.g., United States v. Stevens, 487 F.3d 232, 238 (5th Cir.), cert. denied, 128 S. Ct. 336 (2007); United States v. Wise, 179 F.3d 184, 186-87 (5th Cir. 1999).

district court to accept his unconditional guilty plea. The "non-jurisdictional defects" language in Bell does not refer to legislative jurisdiction, but only to judicial jurisdiction:

> [T]he nexus with interstate commerce, which courts frequently call the "jurisdictional element," is simply one of the essential elements of [a federal criminal statute]. Although courts frequently call it the "jurisdictional element" of the statute, it is "jurisdictional" only in the shorthand sense that without that nexus, there can be no federal crime under the . . . statute. It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case . . . .

United States v. Martin, 147 F.3d 529, 531-32 (7th Cir. 1998).[4]

Because defendant unconditionally pleaded guilty, he has waived the arguments that he now presses on appeal.

AFFIRMED.

---

[4] See also United States v. Lasaga, 328 F.3d 61, 63-64 (2d Cir. 2003) ("Here defendant did not reserve the right to appeal, and his Commerce Clause attack is non-jurisdictional in nature. . . . Accordingly, by pleading guilty unconditionally, defendant waived his right to challenge the constitutionality of [the statute]."(citations omitted); United States v. Carr, 271 F.3d 172, 178 (4th Cir. 2001) ("Carr next contends that because the interstate commerce element is 'jurisdictional,' the federal courts lack subject matter jurisdiction over his case if the interstate commerce element was not proven. This . . . claim also must fail, however, because the 'jurisdictional element' is merely one element of the criminal activity . . . . The interstate commerce element . . . implicates the power of Congress to regulate the conduct at issue, not the jurisdiction of the court to hear a particular case. After a judgment of conviction is validly entered on a guilty plea, a defendant cannot challenge the interstate commerce prong . . . as 'jurisdictional,' because such a challenge merely contests the sufficiency of the evidence supporting that element of the offense.") (citing, inter alia, United States v. Beck, 250 F.3d 1163, 1165 (8th Cir. 2001) and United States v. Riddle, 249 F.3d 529, 535-36 (6th Cir. 2001)); Alikhani v. United States, 200 F.3d 732, 735 (11th Cir. 2000) (distinguishing between legislative and judicial jurisdiction in guilty plea context); United States v. Nguyen, 16 Fed. App'x 615, 615 (9th Cir. 2001) ("Nguyen waived his Commerce Clause challenge when he entered his conditional guilty plea, because he did not expressly reserve the issue for appeal.").