IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 29, 2013

Lyle W. Cayce
Clerk

No. 12-50025
c/w No. 12-50026
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDWARD LEE KOCH,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3294-1
USDC No. 3:11-CR-1559-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edward Lee Koch was convicted in 2009 and 2011, based on guilty pleas, for failing to register as a sex offender. For the former, he received, inter alia, ten years' supervised release; for the latter, revocation of that supervised release and 30 months' imprisonment. Challenging his convictions, Koch contends: his 2011 guilty plea was unintelligent or involuntary, and the district court erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not allowing him to withdraw it; his attorney provided ineffective assistance; and both convictions are invalid because retroactive application of the Sex Offender Registration and Notification Act (SORNA) violates the Administrative Procedures Act.

Regarding his guilty-plea claim, Koch contends his disputing the Government's evidence during allocution demonstrated his desire to plead not guilty, despite his failing to request permission to withdraw his plea. "[A] district court's acceptance of a guilty plea is a factual finding" reviewed for clear error. United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000).

"Federal Rule of Criminal Procedure 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." United States v. Carreon-Ibarra, 673 F.3d 358, 364 (5th Cir. 2012) (internal citation and quotation marks omitted). Before accepting the guilty plea, the court ensured Koch was competent and understood both the adverse evidence and the consequences of his plea. Moreover, his reaffirming his guilt and failing to request withdrawal of the plea vitiates any contention he demonstrated a desire to withdraw his plea during allocution. In any event, this contention lacks factual or legal support. E.g., United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984) (listing factors relevant to plea withdrawal).

Koch's having failed to raise his ineffective-assistance-of-counsel claim in district court, we decline to address it on direct appeal because the record is insufficiently developed. United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006).

Regarding the validity of both convictions, Koch waived his SORNA-based retroactivity challenge to his 2011 conviction by pleading guilty unconditionally, United States v. Sealed Appellant, 526 F.3d 241, 242 (5th Cir. 2008) (unconditional plea waives challenges to non-jurisdictional defects), and he may not rely on his appealing the 2011 supervised-release revocation to contest his

2009 conviction under the same theory, United States v. Willis, 563 F.3d 168, 170 (5th Cir. 2009) (appeal of supervised-release revocation no basis for challenge to underlying conviction).

    AFFIRMED.