# United States Court of Appeals
## For the First Circuit

No. 16-2153

UNITED STATES OF AMERICA,

Appellee,

v.

TEOFILO TINEO-GONZALEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Lynch, Circuit Judges.

Camille Lizarribar-Buxó on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

June 25, 2018

**BOUDIN**, **Circuit Judge**.   Charged with importation of controlled substances, possession with intent to distribute, and conspiracy, 21 U.S.C. §§ 841(a)(1), 846, 952(a), and 963, Teofilo Tineo-Gonzalez ("Tineo") pled guilty unconditionally after the start of trial.  He now appeals his conviction, arguing that prior to his plea the district court erred in denying his motion to suppress certain incriminating statements.  The facts are as follows.

On October 3, 2015, Tineo and at least three other individuals traveled from the Dominican Republic to Puerto Rico in a small boat loaded with hundreds of brick-shaped packages that contained, in total, over 210 kilograms of cocaine and 2 kilograms of heroin.  As they finished unloading, private security personnel from a nearby hotel arrived at the scene, followed by Puerto Rico police officers.  Tineo had fled but was captured a few hours later.

The arresting officers allegedly read Tineo Miranda warnings and took him to a local precinct where he was interviewed by the Puerto Rico police and later by DEA agents. See Miranda v. Arizona, 384 U.S. 436, 444 (1966).  The DEA agents reportedly again read Tineo Miranda warnings, secured a written waiver, and obtained incriminating statements, most importantly, that Tineo had indeed traveled to Puerto Rico in the boat later found to have contained large quantities of drugs.

On October 29, 2015, after Tineo was indicted, the court ordered that pretrial motions be filed "no later than fourteen (14) days before the trial date." Later, Tineo's trial was set for March 28, 2016. On February 9, the government filed its designation of evidence, including statements Tineo had made to the DEA. On March 23, the government filed an amended designation of evidence, which included Tineo's statements to the Puerto Rico police. On March 25, three days before trial, Tineo moved to suppress the statements made to the police, arguing that the Puerto Rico police did not in fact read him his Miranda rights and coerced and intimidated him.

On the first day of Tineo's trial, prior to jury selection, the district court ruled that Tineo had long known of his incriminating statements and could have moved to suppress them before the scheduling order's deadline. Then, after the jury was sworn in, Tineo entered a straight guilty plea on all counts with no condition or reservation and no plea agreement with the government. He was later sentenced to 151 months' imprisonment as to each count, to be served concurrently.

On this appeal, Tineo argues that the district court abused its discretion when it denied his motion to suppress as untimely without reaching the merits of his claim of Miranda violations. The argument fails. Tineo's motion to suppress was

filed well after the district court's explicit deadline for pretrial motions.

Such deadlines are common in the management of trials--last minute suppression motions can cause havoc for counsel and witnesses alike--and, in this case, the deadline was more than generous. Tineo knew of the circumstances surrounding his statements and had nearly five months between the scheduling order and the deadline to make his motion. The brief implies that Tineo had no obligation to make any motion until it became clear (one might think it always inevitable) that the prosecutor would offer the statements made to the Puerto Rico police.

Anyhow, "[o]rdinarily a guilty plea, entered unconditionally--that is, without reserving an issue or issues for appeal--establishes guilt and forfeits all objections and defenses." United States v. Gonzalez, 311 F.3d 440, 442 (1st Cir. 2002) (citation omitted). Exceptions to this forfeiture rule exist,[1] but in general the rule bars challenges based on "case-related constitutional defects that 'occurred prior to the entry of the guilty plea.'" Class, slip op. at 6-7 (citing Blackledge, 417 U.S. at 30).

---

[1] These include attacks on the government's power to criminalize conduct, Class v. United States, No. 16-424 (U.S. Feb. 21, 2018) (constitutionality of statute of conviction); a vindictive prosecution claim, Blackledge v. Perry, 417 U.S. 21 (1974); or a double jeopardy claim, Menna v. New York, 423 U.S. 61 (1975).

Tineo's present appeal falls squarely within the latter category.  See United States v. Castro-Vazquez, 802 F.3d 28, 32-33 (1st Cir. 2015).  By pleading guilty at trial, Tineo waived his right to challenge the denial of a motion to suppress "filed on the eve of trial."  Id. at 30; see also Haring v. Prosise, 462 U.S. 306, 321 (1983); Menna, 423 U.S. at 63 n.2.  How Tineo expected to challenge the statements made to the police, where the warnings and waiver seem ample, is unclear but Tineo's guilty plea forfeited that claim and that is the end of the matter.

**Affirmed**.