## REVISED October 16, 2018

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50400

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

         Plaintiff–Appellee,

v.

JEFFREY JERRY TORRES, also known as Jeffrey Torres, also known as Jeffrey J. Torres, also known as J. J. Torres, also known as Jeff Torres, also known as Jeffery Jerry Torres, Jr.,

         Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CR-285-1

Before JONES, BARKSDALE, and WILLETT, Circuit Judges.

PER CURIAM:*

     "The doctrine of waiver-by-guilty plea" precludes Torres from challenging the denial of his motion to suppress. *See United States v. Sealed Appellant*, 526 F.3d 241, 243 (5th Cir. 2008). Thus, we DISMISS the appeal.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50400

I

In February 2015, a magistrate judge in the Eastern District of Virginia authorized the FBI to use a Network Investigative Technique ("NIT") on computers accessing a child pornography website hosted on the dark web. The NIT "attached computer code to [website] users when they logged onto the website, and that code directed the user's computer to send . . . identifying information to a government computer."

FBI agents identified Torres's computer, and determined he accessed the website from the Western District of Texas. The FBI then received a search warrant from a magistrate judge in that district, authorizing it to search Torres's home. During the search, agents discovered child pornography on his computer. Torres was charged with receiving and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(a)(5)(B), respectively.

Torres moved to suppress all evidence obtained under the Eastern District of Virginia warrant. He asserted that the magistrate judge violated 28 U.S.C. § 636(a) and Federal Rule of Criminal Procedure 41. Essentially, he claimed that the judge in Virginia lacked authority to issue a warrant that extended to a computer in San Antonio.

After a hearing in the Western District of Texas, the district court denied Torres's motion. The district court concluded that although the magistrate judge exceeded her authority, suppression was inappropriate. The court reasoned that the FBI agents who executed the search relied in good faith on the defective search warrant, so the good-faith exception to the exclusionary rule applied.

Torres then entered an unconditional guilty plea (with no plea agreement), and the district court sentenced him to two concurrent 151-month terms of imprisonment.

No. 17-50400

## II

We held in *United States v. Coil* that "[a]n unconditional guilty plea waives all non-jurisdictional defects in the trial court proceedings." 442 F.3d 912, 914 (5th Cir. 2006); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Hence, Torres waived the right to challenge the district court's suppression ruling. *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999) ("When a trial court denies a motion to suppress evidence and the defendant subsequently enters an unconditional plea of guilty, the defendant has waived the right to raise further objection to that evidence." (citation omitted)); *see United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002) ("A guilty plea . . . eliminates objections to searches and seizures that violate the Fourth Amendment" (citations omitted)); *see also Sealed Appellant*, 526 F.3d at 242–43 (recognizing that an unconditional guilty plea waives the right to challenge a trial court's suppression ruling); *Coil*, 442 F.3d at 914 ("An erroneous pretrial ruling is a non-jurisdictional defect that is waived by an unconditional guilty plea."); *cf.* FED. R. CRIM. P. 11(a)(2) ("[A] defendant may enter a *conditional* plea of guilty . . . , reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." (emphasis added)).

Recently, the Supreme Court in *Class v. United States*, 138 S. Ct. 798 (2018), addressed how an unconditional guilty plea affects a defendant's ability to raise constitutional challenges on appeal. The Court held that an unconditional guilty plea does not "by itself bar[] a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." *Class*, 138 S. Ct. at 803. Although the Court provided "no clear

3

answer" to what "claims . . . a defendant *can* raise on appeal after entering an unconditional guilty plea," *id.* at 807 (Alito, J., dissenting) (emphasis added), the Court did not disturb its caselaw dictating that a defendant who entered an unconditional guilty plea may not raise a Fourth Amendment challenge.

To that end, the Court recognized that "a guilty plea does implicitly waive some claims, including some constitutional claims." *Class*, 138 S. Ct. at 805. Most important, "[a] valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." *Id.* In support, the Court relied on its previous decision in *Haring v. Prosise* that "a valid guilty plea 'results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment.'" *Id.* (quoting *Haring v. Prosise*, 462 U.S. 306, 320 (1983)). So under *Class*, Torres may not raise a Fourth Amendment challenge on appeal, given his voluntary unconditional guilty plea. *See United States v. Tineo-Gonzalez*, 893 F.3d 64, 66 (1st Cir. 2018) (recognizing post-*Class* that "[b]y pleading guilty at trial, [the defendant] waived his right to challenge the denial of a motion to suppress").

Torres tries to sidestep this barrier by claiming that he is not raising a Fourth Amendment challenge; instead, he is challenging the magistrate judge's *jurisdiction* to issue the NIT warrant. Torres cites no caselaw supporting this distinction and, regardless, we do not find the distinction persuasive. Torres challenged the validity of the Government's search, and he requested that evidence be suppressed. Such a challenge sounds in the Fourth Amendment; it is the type of pre-plea, case-related government conduct that a defendant may not challenge on appeal following an unconditional guilty plea. *See Class*, 138 S. Ct. at 805. "[H]is contention does not implicate the

No. 17-50400

jurisdiction of the district court to accept his unconditional guilty plea." *Sealed Appellant*, 526 F.3d at 243.

In sum, Torres "waived the right [to challenge the suppression motion] by entering an unconditional guilty plea . . . ." *Coil*, 442 F.3d at 915.

DISMISSED.

5