BESOSA, District Judge.
Before the Court is defendants Maximiliano Fígaro-Benjamín, Katerin Martínez-Albreto ("Martínez"), and Alexandria Andino-Rodríguez ("Andino") (collectively "defendants")'s joint motion to suppress evidence pursuant to the Fourth Amendment of the United States Constitution. (Docket No. 324.) For the reasons set forth below, the defendants' joint motion to suppress is DENIED .
On February 1, 2018, a grand jury returned a two-count indictment charging Maximiliano Fígaro-Benjamín, Emiliano Fígaro-Benjamín, Martínez, and Andino with conspiring to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. sections 846, 841(a)(1) and 841(b)(1)(A) (count one), and conspiring to import a controlled substance into the United States in violation of 21 U.S.C. sections 952(a), 960(a)(1) and (b)(1)(B) (count two). (Docket No. 8.) A grand jury returned superseding and second superseding indictments on February 28, 2019 and August 14, 2019, respectively. (Docket Nos. 123 & 316.) Trial is set for August 20, 2019. (Docket No. 284.)
The defendants filed the joint motion to suppress on August 15, 2019, five days before trial. (Docket No. 324.) According to the defendants, the search of [their vessel] was illegal, and all the evidence seized is inadmissible as it is fruit of the poisonous tree." Id. at p. 8. The Court need not, however, address the merits of the joint motion to suppress.
At the May 10, 2018 status conference, the Court ordered the defendants to file motions to suppress by no later than June 25, 2018 . (Docket No. 63.) Consequently, the defendants filed the joint motion to suppress nearly fourteen months after the Court imposed deadline to do so. The United States indicated that the defendants received discovery relating to the suppression motion more than a year ago. (Docket No. 325.) Defendants flouted the May 10, 2018 deadline to file pretrial motions, disrupting the efficient progression of this case.
Pursuant to Federal Rule of Criminal Procedure 12(c)(3), "the Court need not review a motion to suppress that was untimely filed." United States v. Sweeney, 887 F.3d 529, 534 (1st Cir. 2018) ; see, e.g., United States v. Tineo-González, 893 F.3d 64, 66 (1st Cir. 2008) (affirming denial of suppression motion "filed well after the district court's explicit deadline for pretrial motions" and noting that "last minute suppression motions can cause havoc for counsel and witnesses alike."); United States v. Levasseur, 699 F. Supp. 995, 1007 (D. Mass. 1988) (denying motion to suppress as untimely and noting that "[a]ll the information underlying this motion was known well before" the filing deadline). Accordingly, the defendants' joint motion to suppress is DENIED as untimely.
Trial remains set for August 20, 2019.
IT IS SO ORDERED .