BESOSA, District Judge.
Before the Court is defendant Maximiliano Fígaro-Benjamín ("Fígaro")'s motion in limine to preclude post-arrest statements from trial pursuant to the Fifth Amendment of the United States Constitution. (Docket No. 340.) For the reasons set forth below, Fígaro's motion in limine is DENIED .
Defendants Macimiliano Fígaro-Benjamín, Katerin Martínez-Alberto and Alexandria Andino-Rodríguez are set to stand trial on August 20, 2019. (Docket No. 284.) Two days before trial, Fígaro filed a motion in limine pursuant to the Fifth Amendment. (Docket No. 340.) Homeland Security Investigations ("HSI") agents interviewed Fígaro on January 29, 2019, the day of his arrest. (Docket No. 342 at p. 2; Docket No. 14.) According to Fígaro, the HSI agents "did not advise him of his rights [against self-incrimination] before interrogating him." (Docket No. 340 at p. 7.) The appropriate remedy for the Fifth Amendment violation, Fígaro argues, is suppression of his post-arrest statements. Id.; see Miranda v. Arizona 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The United States contends, however, that the HSI agents administered the Miranda warnings. (Docket No. 342 at p. 2.) Indeed, Fígaro received a video recording of the interview four months ago. Id. The Court need not, however, address the merits of Fígaro's motion in limine .
Fígaro's request to preclude post-arrest statements is a motion to suppress, not a motion in limine . A motion to suppress is "a request that the court prohibit the introduction of illegally obtained evidence at a criminal trial." Black's Law Dictionary, (10th ed. 2014). Suppression motions are distinguishable from motions in limine . A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." Id.; see United States v. Hurst, 228 F.3d 751, 756 n.1 (6th Cir. 2000) ("A ruling on a motion to suppress, however, is not simply a ruling on an evidentiary objection or a motion in limine based on the Federal Rules of Evidence. A motion to suppress *282 is the mechanism whereby fundamental constitutional rights guaranteed by the Fourth and Fifth Amendments are protected through enforcement of the judge-made Exclusionary Rule.").
The substance of the motion, not the title, governs the Court's analysis. See United States v. Mangine, 302 F.3d 819, 822 (8th Cir. 2002) ("Mr. Mangine appears to have disguised a late motion to suppress evidence (Mr. Mangine's oral statement) as a motion in limine ."); United States v. Elcock, Case No. 17-005, 2019 WL 3577658 at *2, 2019 U.S. Dist. LEXIS 130413 at *2-3 (D.V.I. Aug. 5, 2019) (denying motion to suppress as untimely because "although Defendant's filing was styled as a Motion In Limine , it was in reality a motion to suppress evidence that required an evidentiary hearing, and which should have been filed by the December deadline"). Because Fígaro asserts that the HSI agents violated the Fifth Amendment, the Court construes the pleading as a motion to suppress.
At the May 10, 2018 status conference, the Court ordered the defendants to file motions to suppress by no later than June 25, 2018 . (Docket No. 63.) Consequently, Fígaro filed his motion to suppress nearly fourteen months after the Court imposed deadline to do so. Pursuant to Federal Rule of Criminal Procedure 12(c)(3), "the Court need not review a motion to suppress that was untimely filed." United States v. Sweeney, 887 F.3d 529, 534 (1st Cir. 2018) ; see, e.g., United States v. Tineo-González, 893 F.3d 64, 66 (1st Cir. 2018) (affirming denial of suppression motion "filed well after the district court's explicit deadline for pretrial motions" and noting that "last minute suppression motions can cause havoc for counsel and witnesses alike."); United States v. Levasseur, 699 F. Supp. 995, 1007 (D. Mass. 1988) (denying motion to suppress as untimely and noting that "[a]ll the information underlying this motion was known well before" the filing deadline); United States v. Trancheff, 633 F.3d 696, 698 (8th Cir. 2011) (holding that the district court did not err "by denying [the defendant's] motion in limine seeking to suppress the evidence" as untimely). Accordingly, the Fígaro's motion to suppress is DENIED as untimely. (Docket No. 340.)
Trial remains set for August 20, 2019.
IT IS SO ORDERED .