# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11444
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ZACKARY IKAIKA BRYTON THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-111-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Zackary Ikaika Bryton Thompson appeals the within-guidelines 262-month sentence imposed following his guilty plea to one count of sexual exploitation of children by production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). He argues that his sentence was procedurally unreasonable, because the district court failed to address mitigating factors and did not sufficiently state reasons for the sentence, and substantively

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable, because it was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).  Further, he contends that § 2251(a) is unconstitutional because the Commerce Clause did not grant Congress the power to enact the statute.

Thompson has not demonstrated that the district court abused its discretion by imposing a procedurally or substantively unreasonable sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).  In these circumstances, the district court did not procedurally err by failing to explicitly address Thompson's arguments for mitigation.  *See United States v. Becerril-Pena*, 714 F.3d 347, 351-52 (5th Cir. 2013); *United States v. Sanchez*, 667 F.3d 555, 568 (5th Cir. 2012).  Moreover, the district court adequately stated reasons because a within-guidelines sentence requires "little explanation."  *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  As to substantive reasonableness, Thompson has not overcome the presumption of reasonableness that applies to within-guidelines sentences by showing that the sentence failed to account for the mitigating factors or represented a clear error of judgment in balancing the sentencing factors.  *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).  Finally, Thompson waived his claim that § 2251(a) is unconstitutional by entering an unconditional guilty plea.  *See United States v. Sealed Appellant*, 526 F.3d 241, 242-43 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.